IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **SARAH MARRERO**, individually and on behalf of all others similarly situated, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Plaintiff, | Case No. 17-cv-5236 |
| vs. | |
| **RECOVER HEALTH, INC.** 5900 Green Oak Drive, Suite 200 Minnetonka, MN 55343 | |
| Defendant. | |

## PRELIMINARY STATEMENT

1. This is a collective and class action brought by Individual and Representative Plaintiff, Sarah Marrero ("Plaintiff"), on her own behalf and on behalf of the members of the proposed classes identified below. Marrero and members of the putative classes were nurses employed by Recover Health, Inc. ("Defendant" or "Recover Health"). Marrero and members of the putative classes provided medical care for Recover Health clients in their homes, coordinated care with the clients' doctors, and charted and recorded the care provided. Marrero and members of the putative classes were paid per client visit and were not paid overtime wages for hours worked in excess of 40 per workweek.

## JURISDICTION AND VENUE

2. This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. The Court has subject matter jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the United States District Court for the District of Minnesota because Plaintiff resides in and performed work in this district out of Defendant's Minnetonka location, and because events giving rise to these claims occurred in this district.

## PARTIES

4. Plaintiff, Sarah Marrero, is an adult resident of St. Paul, Minnesota. Plaintiff was employed by Recover Health as an RN Case Manager in 2017. Plaintiff has consented in writing to assert claims for unpaid overtime wages under the FLSA. Her consent form is filed as Exhibit A.

5. Plaintiff was an "employee" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

6. Defendant, Recover Health, Inc., is a business corporation with its registered office at 5900 Green Oak Drive, Suite 200, Minnetonka, Minnesota. Its registered agent is Chief Executive Officer Greg Von Arx. Recover Health, Inc. is incorporated in Florida, and its registered agent in Florida is Propane

Resources Investment Group, LLC, 100 South Pointe Drive, #2605, Miami Beach, Florida.

7. Defendant is an enterprise engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

8. Defendant is an "employer" within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

9. Throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class members are or were nurses employed by Defendant.

10. Throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class members were paid a per-visit wage for each client visited. Plaintiff and the putative class members were not paid overtime wages for hours worked in excess of 40 per workweek.

11. Throughout the three years preceding the filing of this Complaint, Plaintiff and the putative class members spent time performing tasks such as charting for clients and traveling between client sites but were not compensated for that time as working time.

12. In the course of her employment, Plaintiff had a caseload of approximately 40 patients. She worked five days per week and saw about eight patients per day. Client visits took about one hour each, and Plaintiff had to

travel between client sites, travel to Minnetonka at least once per week to collect supplies needed to perform her job, and complete charts for clients every night. On a typical workweek, Plaintiff worked at least 50 hours.

13. Plaintiff brings this action on behalf of herself and on behalf of other similarly-situated employees pursuant to 29 U.S.C. § 216(b). The **Collective Class** of similarly-situated employees is defined as:

> All persons who have been or are employed by Recover Health, Inc. as nurses at any time during the past three years, were paid on a per-visit basis, and who were not paid overtime wages for hours worked over 40 in a workweek.

14. Plaintiff brings this action on behalf of herself and the **Minnesota Unpaid Wage Class** pursuant to Fed. R. Civ. P. 23. The **Minnesota Unpaid Wage Class** is defined as:

> All persons who have been or are employed by Recover Health, Inc. as nurses in the state of Minnesota at any time during the past three years, were paid on a per-visit basis, and were not paid overtime wages for hours worked over 48 in a workweek.

## CLASS ALLEGATIONS

15. Plaintiff brings the Second Claim for Relief on her own behalf and on behalf of the Minnesota Unpaid Wage Class, as defined in paragraph 13, supra, pursuant to Fed. R. Civ. P. 23(a) and 23(b).

16. The persons in the Minnesota Unpaid Wage Class identified above are so numerous that joinder of all members is impracticable. Although the

precise number of such persons is unknown, upon information and belief, Defendant has employed more than 40 people who satisfy the definition of this Class.

17. There are questions of law and fact common to the Minnesota Unpaid Wage Class that are capable of class-wide resolution and the determination of which will resolve any issues central to the validity of the class claims, including, but not limited to:

(a) Whether Recover Health maintained a common practice and policy of not paying overtime wages to nurses who traveled to client sites and were paid on a per-visit basis for hours worked in excess of 48 per workweek, as required by Minn. Stat. § 177.25;

(b) Whether time spent traveling between client sites and maintaining client charts is compensable work time under Minnesota law;

(c) Whether Recover Health failed to maintain accurate records of the hours worked and work performed by nurses who traveled to client sites; and

(d) The proper measure of damages sustained by the Minnesota Unpaid Wage Class.

18. Marrero's claims are typical of those of the Minnesota Unpaid Wage Class. Marrero was subject to Defendant's policy and practice of paying nurses who traveled to client sites per visit and failing to pay overtime wages for hours worked in excess of 48 per workweek. Marrero's job duties were typical of those of members of the Minnesota Unpaid Wage Class.

19. Marrero will fairly and adequately protect the interests of the Minnesota Unpaid Wage Class and has retained counsel experienced in complex wage and hour litigation.

20. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, especially in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a large defendant, particularly those with relatively small claims.

21. Class certification for the Second Claim for Relief is appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the Minnesota Unpaid Wage Class predominate over any questions affecting only individual members of the Minnesota Unpaid Wage Class and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's common and uniform policies and practices denied the Minnesota Unpaid Wage Class the wages for work performed to which they are entitled. The damages suffered by the individual members of the Minnesota Unpaid Wage Class are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's pay practices.

22.     Plaintiff intends to send notice to all members of the Minnesota Unpaid Wage Class to the extent required by Fed. R. Civ. P. 23.

**FIRST CLAIM FOR RELIEF:**
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

23.     Plaintiff, individually and on behalf of the Collective Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

24.     The FLSA requires each covered employer to compensate all non-exempt employees at a rate of not less than one-and-one-half times their regular rate of pay for work performed in excess of 40 hours per workweek.

25.     During the applicable statute of limitations, Marrero and members of the Collective Class performed work in excess of 40 hours per workweek without receiving overtime compensation.

26.     These practices violate the FLSA, including, but not limited to, 29 U.S.C. § 207. Because of these violations, Marrero and members of the Collective Class have suffered a wage loss.

27.     Defendant knew or showed reckless disregard for the fact that it failed to pay Marrero and members of the Collective Class overtime compensation in violation of the FLSA.

## SECOND CLAIM FOR RELIEF:
### FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF MINNESOTA LAW

28. Plaintiff, individually and on behalf of the Minnesota Unpaid Wage Class, alleges and incorporates by reference the allegations in the preceding paragraphs.

29. The foregoing conduct, as alleged, violates Minnesota wage payment laws.

30. At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of Minn. Stat. § 177.23(6).

31. At all relevant times, Plaintiff and members of the putative Minnesota Wage Class were Defendant's employees within the meaning of Minn. Stat. § 177.23(7).

32. Minn. Stat. § 177.25 requires an employer to pay overtime wages to all non-exempt employees.

33. At all relevant times, Defendant has had a policy and practice of failing and refusing to pay Marrero and members of the putative Minnesota Unpaid Wage Class earned regular wages and overtime wages for their hours worked in excess of 48 per workweek.

34. As a result of Defendant's willful failure to pay regular and overtime wages earned and due to Plaintiff and members of the putative Minnesota Unpaid Wage Class, Defendant has violated Minn. Stat. § 181.101.

35.     Plaintiff, on behalf of herself and members of the Minnesota Unpaid Wage Class, seeks recovery of attorneys' fees, costs, and expenses of this action to be paid by Defendant, as provided by Minn. Stat. § 181.171.

36.     Plaintiff, on behalf of herself and members of the putative Minnesota Unpaid Wage Class, seeks damages in the amount of the unpaid regular and overtime wages earned and due as provided by Minn. Stat. § 181.101, and any penalties due under Minn. Stat. § 181.171 as well as such other legal and equitable relief from Defendant's unlawful and willful conduct as the Court deems just and proper.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, Sarah Marrero, on behalf of herself and all members of the Collective Class and the Minnesota Unpaid Wage Class, requests the following relief:

A.      An order designating this action as a collective action on behalf of the Collective Class and directing issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly-situated individuals;

B.      An order certifying this action as a class action on behalf of the proposed Minnesota Unpaid Wage Class;

C.      An order designating Marrero as the Named Plaintiff and as a representative of the Minnesota Unpaid Wage Class;

D. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

E. An order finding that Recover Health violated the FLSA and Minnesota wage and hour law;

F. An order finding that these violations were willful;

G. Judgment against Recover Health in the amount equal to the Plaintiff's and the Collective Class's unpaid back wages at the applicable overtime rate;

H. Judgment against Recover Health in the amount equal to the Plaintiff's and the Minnesota Unpaid Wage Class's unpaid back wages at the applicable regular and overtime rates;

I. An award in the amount of all liquidated damages and penalties as provided under Minnesota law and the FLSA;

J. An award in the amount of all costs and attorneys' fees incurred in prosecuting these claims;

K. Leave to amend the Complaint to add additional claims; and

L. Such further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Respectfully submitted this 28th day of November, 2017.

By: _/s/David C. Zoeller_
**HAWKS QUINDEL, S.C.**
David C. Zoeller, WI Bar No. 1052017*
Caitlin M. Madden, WI Bar No. 1089238*
409 East Main Street
Madison, WI 53703
Phone: (608) 257-0040
dzoeller@hq-law.com
cmadden@hq-law.com
*Pro hac vice application forthcoming*

**APOLLO LAW LLC**
Adam Hansen, MN Bar No. 0391704
400 South 4th Street, Suite 401M - 250
Minneapolis, MN 55415
Phone: (612) 927-2969
adam@apollo-law.com

*Attorneys for the Plaintiff*